## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL LO, | Civil No. 07-4602 (JRT/JSM) |
| Petitioner, | |
| v. | **ORDER** |
| COMMISSIONER OF CORRECTIONS OF THE STATE OF MINNESOTA, | |
| Respondent. | |

Michael Lo, 970 Pickett Street North, Bayport, MN 55003, plaintiff *pro se*.

Mark Nathan Lystig, Assistant Ramsey County Attorney, **RAMSEY COUNTY ATTORNEY'S OFFICE**, 50 West Kellogg Boulevard, Suite 315, St. Paul, MN 55102-1657; Peter R. Marker, Assistant Attorney General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 900, St. Paul, MN 55101, for respondent.

Michael Lo filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 14, 2007. In a Report and Recommendation dated December 9, 2008, Magistrate Judge Janie S. Mayerson recommended dismissing Lo's petition. After no objections were filed within the allotted time period, the Court adopted the Magistrate Judge's recommendation in an Order dated January 14, 2009. On February 10, 2009, Lo filed a motion asking the Court to (1) give renewed consideration to the merits of his petition, on the grounds that his attorney did not receive the Report and Recommendation until it was adopted; (2) extend the time for appeal until this Court has issued a ruling; and (3) grant a certificate of appealability. For the reasons given below, the Court denies

Lo's request for reconsideration, grants his request for additional time to file an appeal, and denies his request for a certificate of appealability.

**BACKGROUND**

The facts of this case have been set out in detail by both the Minnesota Court of Appeals, *see State v. Lo*, No. A05-1338, 2006 WL 2598008 (Minn. Ct. App. Sept. 12, 2006), and the Magistrate Judge. Those facts are repeated below only to the extent necessary to resolve Lo's motion.

In March 2004, Lo was charged with aiding and abetting second-degree murder after he and several other individuals allegedly stabbed and killed a victim in a convenience store parking lot. Lo's co-defendants entered guilty pleas and one of those co-defendants, Kao Vang, testified against Lo at trial. Vang testified that he had agreed to cooperate with the prosecution in exchange for a reduced charge, and that this deal would reduce his sentence by approximately 78%. In cross-examination, Lo's attorney reiterated that Vang had originally faced murder charges but that those charges had been reduced because of his deal with the prosecution. Lo's attorney was not allowed, however, to elicit testimony about the specific statutory maximum that Vang would have faced had he been charged with murder, or the specific difference – in terms of months – between that maximum and the likely sentence he would receive under the lesser charge. Lo was later convicted.

On direct appeal, Lo challenged the trial court's limits on his cross-examination of Vang. The Minnesota Court of Appeals rejected this challenge, *see Lo*, 2006 WL

2598008, at *2-4, and the Minnesota Supreme Court denied review.  This petition followed, with Lo again challenging the limits on his cross-examination of Vang.  The Magistrate Judge recommended denying this motion, and this Court adopted that recommendation after Lo failed to file objections.  This motion followed.

## ANALYSIS

**I.    MOTION FOR RECONSIDERATION**

Lo first argues that this Court should reconsider its final order in this case because he did not receive notice of the filing of the Report and Recommendation.  As an initial matter, the Court notes that it is skeptical of this contention.  When the Report and Recommendation was issued, Lo was represented by Stephen V. Grigsby.[1]  Information available on the court's case management/electronic case files ("CM/ECF") system indicates that the Report and Recommendation was emailed to grigsbylawoffice@yahoo.com.  This same email address was used to serve Lo with all of the earlier documents filed in the case as well.  A presumption of delivery and receipt applies to emails sent through the Court's CM/ECF system, *see Am. Boat Co. v. Unknown Sunken Barge*, 418 F.3d 910, 914 (8th Cir. 2005), and Lo has not offered any meaningful explanation for why the Court should not apply that presumption here.  *Cf. id.* (requiring an evidentiary hearing where the opposing party indicated that it had failed to receive the disputed notice as well, and where CM/ECF had been in operation for just weeks).  In any event, regardless of whether Lo received the Report and

---

[1] Grigsby has since withdrawn as an attorney in this case.  (*See* Docket No. 12.)

Recommendation, the Court has reviewed his substantive objections and agrees with the assessment of the Magistrate Judge.

Lo's § 2254 petition asserts a claim that was fully adjudicated on the merits in Minnesota state court. *See Lo*, 2006 WL 2598008. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court may only grant relief in those circumstances if Lo can show that the state court decision "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Here, the question is whether the trial court unreasonably applied a clearly established requirement of the Sixth Amendment's Confrontation Clause.

"The Confrontation Clause of the Sixth Amendment guarantees the right of an accused in a criminal prosecution to be confronted with the witnesses against him." *Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986) (internal quotation marks omitted). "The main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination." *Davis v. Alaska*, 415 U.S. 308, 315 (1974) (internal quotation marks omitted). "It does not follow, of course, that the Confrontation Clause of the Sixth Amendment prevents a trial judge from imposing any limits on defense counsel's inquiry into the potential bias of a prosecution witness." *Van Arsdall*, 475 U.S. at 679. "On the contrary, trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on

concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Id*.

The Court agrees with the Magistrate Judge that the state trial court did not unreasonably apply these principles here. The Court agrees with Lo that it is critical for defendants to have an opportunity to demonstrate the potential bias of a cooperating witness. *See, e.g.*, *Giglio v. United States*, 405 U.S. 150, 154-55 (1972) (noting that where a witness' credibility is "an important issue in the case," the jury is entitled to know about any understandings as to the witness' future prosecution). Indeed, in a case where a defendant was not permitted to elicit any testimony at all that would allow a jury to meaningfully evaluate the magnitude of the sentencing benefit received by a cooperating witness, the Eighth Circuit has found a "patent[]" violation of the Sixth Amendment. *See, e.g.*, *United States v. Roan Eagle*, 867 F.2d 436, 442-44 (8th Cir. 1989). Here, however, "[Lo] was permitted to cross-examine his co-defendant about the co-defendant's original charge of second-degree murder, the reduced charge of aiding and abetting to which the co-defendant pleaded guilty, and the percentage of reduction of the co-defendant's sentence under the plea bargain." *Lo*, 2006 WL 2598008, at *3. Vang's cross-examination "also elicited that only prosecutors are able to offer lesser sentences for testimony, that [Vang] would not receive the lesser sentence until after he testified on behalf of [the State], and that [Vang's] only opportunity to testify was in [Lo's] trial because the other co-defendants had pleaded guilty." *Id*. Collectively, this cross-examination and testimony would have given the jury a clear picture of what Vang stood to gain from his cooperation. Any additional testimony about the specific statutory

maximum applicable to Vang's original charges could only have confused the jury, for there is nothing in the record suggesting that this was the specific sentence that Vang was likely to receive. In those circumstances, the trial court provided Lo a full and fair opportunity to elicit the relevant evidence of Vang's potential bias, and this approach was more than adequate under the Sixth Amendment. Accordingly, Lo's request that this Court reconsider its final judgment in this case is denied.

## II. EXTENSION OF TIME FOR APPEAL

In a civil case, the deadline for filing an appeal is generally thirty days after the judgment or order appealed from is entered.[2] Fed. R. App. P. 4(a)(1)(A). However, the Court may extend the time to file a notice of appeal where a party requests an extension within thirty days of when that time period expires.[3] Fed. R. App. P. 4(a)(5)(A)(i). Here, Lo moved for an extension within thirty days of the judgment, and a subsequent letter has described changes in his legal representation that are beyond his control. Lo's attorney has been suspended from practice before this Court, and Lo has expressed an interest in continuing to pursue this matter through another attorney. Accordingly, while the Court finds the prospects for Lo's success on appeal are insufficient to merit a certificate of appealability, as explained below, the Court finds that an extension of the time to appeal is merited. The Court notes, however, that this extension is limited by the Federal Rules

---

[2] The deadline is sixty days in cases where the United States or its officer or agency is a party. Fed. R. App. P. 4(a)(1)(B).

[3] Where a party requests an extension more than thirty days after the expiration of the prescribed time period, the Court may only grant an extension where the party demonstrates excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A)(ii).

- 6 -

of Appellate Procedure to no more than ten days after the date of this Order.  *See* Fed. R. App. P. 4(a)(5)(C).

## III. CERTIFICATE OF APPEALABILITY

A state prisoner who is challenging the legality of his custody is not permitted to take an appeal in a federal habeas corpus proceeding without first securing a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). Federal district courts may not grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the issues must deserve further proceedings. *See Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). For purposes of appeal under 28 U.S.C. § 2253, the Court concludes that it is unlikely that reasonable jurists would find the issues raised in Lo's § 2254 petition debatable, or that some other court would decide this petition differently. The Court therefore declines to grant a Certificate of Appealability.

## ORDER

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Lo's Motion to Reconsider, or alternatively, for Enlargement of Time to File Appeal, or alternatively, for Certificate of Appealability [Docket No. 10] is **GRANTED in part** and **DENIED in part** as follows:

1. Lo's Motion for Reconsideration of this Court's denial of his petition for habeas corpus is **DENIED**.

2. Lo's Motion for an Extension of the Time to Appeal is **GRANTED**. Lo shall file any appeal in this case no later than ten days after the date of this Order.

3. Lo's Motion for a Certificate of Appealability is **DENIED**.

DATED: July 23, 2009　　　　　　　　　　　　　s/ John R. Tunheim
at Minneapolis, Minnesota.　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge